ESTATE OF ROBERT H. HARTLEY, DECEASED, LOUIS M. BANKS AND H. STEWART DUNN, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4923. Promulgated August 28, 1945.

*H. Stewart Dunn, Executor*, for the petitioners.
*Homer F. Benson, Esq.*, for the respondent.

646

OPINION.

MURDOCK, *Judge*: Section 812 of the Internal Revenue Code provides that for the purpose of the tax the value of the net estate of a decedent shall be determined by deducting from the value of the gross estate such amounts for administration expenses "as are allowed by the laws of the jurisdiction * * * under which the estate is being administered." The Commissioner has allowed the full amount of executors' commissions and attorneys' fees which were claimed and allowed in the administration of this decedent's estate. The record in this case does not show that any larger amount for these items was allowed by the laws of. Pennsylvania. The deduction for administration expenses is to cover the actual expenses of administering the estate of the decedent under the laws of the sovereign authority which has jurisdiction over the administration of that estate. The amounts here in controversy are not expenses of administering the estate of this decedent under the laws of Pennsylvania. They are not chargeable against the decedent's estate at all. They are amounts which his widow has agreed to pay the executors and their attorneys in connection with the filing of the decedent's Federal estate tax return. The Tax Court can not legislate, and no matter how reasonable some additional deduction might appear to be, it can allow only those deductions which are proper under the statutes which Congress has enacted. The items here in controversy are not deductible under those statutes and, therefore, can not be allowed.

*Decision will be entered for the respondent.*